IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HOPE A. JOY-HOLLIS                                                              PLAINTIFF

vs.                                        Civil No. 5:07-cv-05124

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Hope A. Joy-Hollis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed an application for DIB on October 15, 2004. (Tr. 59-61). In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to "fibromyalgia rheumatica"; osteoarthritis; joint laxity; obesity; bipolar disorder; fatigue; borderline personality disorder; back, arm, leg and neck pain; migraine headaches; clinical depression and

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

anxiety; fibrocystic breast disease; B12 deficiency; and irritable bowel syndrome (with diarrhea predominant). (Tr. 14, 74, 85, 86, 98, 99, 104, 212). Plaintiff alleged an onset date of January 1, 2003. (Tr. 59). This application was initially denied on January 1, 2005 and was denied again on reconsideration on June 1, 2005. (Tr. 26-29).

On June 29, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 39). The hearing was held on July 12, 2006 in Fayetteville, Arkansas. (Tr. 207-255). Plaintiff was present and was represented by counsel, Jeff Slaton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 213-214).

On October 11, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 12-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through October 11, 2006. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2003, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the severe impairments of fibromyalgia, osteoarthritis, obesity, bipolar disorder, somatization disorder, and borderline personality disorder but did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Findings 3-4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-18, Finding 5). Plaintiff claimed she had "a lot of pain" when she was on her feet for long periods of time. (Tr. 237). Plaintiff claimed, "[I have]

2

constant pain no matter what position I'm in." *See id.* She reported that due to her pain, "it's very hard to go a full day and – or to even go more than a few minutes without sitting down really." (Tr. 237-238). Plaintiff also claimed she suffered from a number of different work restrictions due to her pain and other limitations. (Tr. 74-83).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. (Tr. 16-18). After reviewing these requirements, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptom based upon several findings, including the following: (1) Plaintiff's medical records did not support her claims of disabling pain; (2) her extensive daily activities (including caring for her children) were inconsistent with her reports of disabling pain; (3) there was no evidence that Plaintiff had sought any psychiatric hospitalization or aggressive treatment by a mental health professional, despite her complaints of a disabling mental impairment; and (4) there was no evidence that Plaintiff was limited in her ability to understand, remember, or carry out instructions, or respond appropriately to supervision and customary work pressures, despite her claims of a disabling mental impairment. *See id.*

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 16-18, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC for a wide range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight hour workday; and sit for a total of six hours in an eight hour workday. Furthermore, due to mental impairment the claimant learns by experience, makes superficial contact incidental to work with the public; little supervision but more for non-routine work; and use judgment within normal limits.

3

(Tr. 16-18, Finding 5).  *See* 20 C.F.R. § 416.967(b).

The ALJ then determined that Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 18-19, Findings 6, 10).  The Plaintiff and the VE testified that Plaintiff's PRW included work as a Cosmetologist (light, skilled work), Cake Decorator (light, skilled work), Cashier II (light, unskilled work), Data Entry Clerk (sedentary, skilled work), Salesperson (light, skilled work), and Telemarketer (sedentary, semi-skilled).  (Tr. 234-236).  The VE testified that a hypothetical person with Plaintiff's RFC could not return to any of Plaintiff's PRW.  (Tr. 18-19, 249).

However, the VE then testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy.  (Tr. 250).  For example, the VE testified that such a hypothetical person could perform work as a small products assembler (14,500 such jobs in Arkansas and 1,000,000 in the nation) (light, unskilled) and poultry eviscerator (6,000 such jobs in Arkansas and 132,000 in the nation) (light, unskilled). (Tr. 250-252). The ALJ then determined, based upon the VE's testimony, that there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  (Tr. 19-20, Finding 10).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision (Tr. 204-206), and on  May 18, 2007, the Appeals Council declined to review this decision.  (Tr. 4-7).  *See* 20 C.F.R. § 404.984(b)(2).  On July 18, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1).  The parties consented to the jurisdiction of this Court on August 20, 2007.  (Doc. No. 5).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to consider all of Plaintiff's impairments in combination; (B) the ALJ erred in evaluating Plaintiff's credibility and her subjective complaints of pain; (C) the ALJ erred in finding that Plaintiff retains the RFC to perform light work; and (D) the ALJ erred by disregarding the opinions and findings of Plaintiff's treating physician. (Doc. No. 9, Pages 2-20).

In response, Defendant argues that substantial evidence supports the ALJ's disability determination. (Doc. No. 10, Pages 1-12). Defendant argues that the ALJ properly considered Plaintiff's alleged impairments in combination in accordance with Eighth Circuit law, properly evaluated Plaintiff's subjective complaints, properly evaluated Plaintiff's RFC, and properly

considered the opinion of Plaintiff's treating physician. *See id.* This Court will address each of Plaintiff's four arguments.

### A. Plaintiff's Combination of Impairments

Plaintiff argues that the ALJ did not properly consider Plaintiff's claimed impairments in combination. (Doc. No. 9, Pages 15-18). Plaintiff claims she suffers from a number of different impairments–fibromyalgia; osteoarthritis; joint laxity; obesity; bipolar disorder; fatigue; borderline personality disorder; back, arm, leg and neck pain; migraine headaches; clinical depression and anxiety; fibrocystic breast disease; B12 deficiency; and irritable bowel syndrome–and that the ALJ should have considered her impairments in combination. *See id.* In response, Defendant argues that the ALJ used sufficient language in her opinion to demonstrate that she had properly evaluated Plaintiff's impairments in combination. (Doc. No. 10, Pages 3-4). Defendant claims that the ALJ complied with the requirements in the Eighth Circuit and that the ALJ properly evaluated Plaintiff's impairments in combination. *See id.*

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2008). In the present action, in reviewing these claimed impairments, the ALJ stated that the "claimant does not have an impairment or *combination of impairments* that meets or medically equals one of the listed impairments . . ." (Tr. 16, Finding 4) (emphasis added). The ALJ also used the term "impairments" throughout her opinion and stated, "[a]fter considering the evidence of record, I find that the claimant's medically determinable *impairments* could reasonably be expected to produce the alleged

7

symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 18) (emphasis added). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that she suffers from a number of impairments. (Doc. No. 9, Pages 3, 16). However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. Plaintiff's Subjective Complaints

Plaintiff also argues that the ALJ disregarded her subjective complaints in violation of *Polaski.* (Doc. No. 9, Pages 15-20). Plaintiff claims that her subjective complaints are consistent with the documented medical evidence of record and should not have been disregard by the ALJ. *See id.* Plaintiff also claims that ALJ erred by failing to even cite to *Polaski* and by failing to further evaluate the *Polaski* factors. *See id.* In response, Defendant argues that an ALJ's credibility determination is within the discretion of the ALJ. (Doc. No. 10, Pages 2-12). Defendant argues that

8

the ALJ properly applied the factors in SSR 96-7p and properly considered Plaintiff's daily activities; the duration, frequency, and intensity of Plaintiff's pain; the precipitating and aggravating factors; the dosage, effectiveness, and side effects of Plaintiff's medication; and Plaintiff's functional restrictions.  *See id.*  Defendant also argues that the ALJ was not required to cite to *Polaski* specifically in her disability determination, and, instead, properly evaluated Plaintiff's subjective complaints pursuant to the factors from the Social Security Rules and Regulations.  *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully evaluated, and then discounted, Plaintiff's subjective complaints. (Tr. 16-18). As noted above, the ALJ provided the following reasons, among others, for discounting Plaintiff's subjective complaints: (1) Plaintiff's medical records did not support her claims of disabling pain; (2) her extensive daily activities (including caring for her children) were inconsistent with reports of disabling pain; (3) there was no evidence that Plaintiff has sought any psychiatric hospitalization or aggressive treatment by a mental health professional, despite her complaints of a disabling mental impairment; and (4) there was no evidence that Plaintiff is limited in her ability to understand, remember, or carry out instructions, or respond appropriately to supervision and customary work pressures, despite her claims of a disabling mental impairment. *See id.* This Court finds these reasons are valid and are entitled to deference. *See Lowe,* 226 F.3d at 971-72. Furthermore, as noted above, the ALJ was *not required* to cite to the *Polaski* decision in evaluating in a claimant's subjective complaints of pain or other limitation. *See Shultz,* 479 F.3d at 979.

**C. Plaintiff's RFC**

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence in the record. (Doc. No. 9, Pages 18-20). Plaintiff argues that she does not retain the RFC for light work because she cannot perform any work on a regular and sustained basis. *See id.* Plaintiff argues that her testimony, as well as the findings and opinions of her treating physicians, support her claim that she cannot perform work on a regular and sustained basis. *See id.* In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff was capable of performing light work activity. (Doc. No. 10, Pages 9-11). Defendant argues that the findings of Dr. Van Ore, M.D. (physical limitations) and Dr. Scott McCarty, Ph.D. (mental limitations) provide substantial evidence supporting the ALJ's disability determination. *See id.*

On October 25, 2004,[3] Dr. Lisa McGraw, M.D. treated Plaintiff following an emergency room visit. (Tr. 126). Plaintiff reported to Dr. McGraw that she had chest tightness and an exacerbation of her fibromyalgia. *See id.* Dr. McGraw noted that Plaintiff "has had severe problems with depression and has been on various antidepressants with marginal benefit." *See id.* Dr. McGraw also noted that Plaintiff's "fibromyalgia has been more bothersome recently." *See id.* Dr. McGraw diagnosed Plaintiff with fibromyalgia rheumatica exacerbation and depression/anxiety. *See id.* Dr. McGraw prescribed Plaintiff medication and directed her to follow-up in one month for a reassessment. *See id.*

On November 17, 2004, Plaintiff was examined by Dr. Scott McCarthy, M.D. at the Center for Stress Reduction. (Tr. 117-121). Dr. McCarthy noted that Plaintiff was "calm and cooperative

---

[3] Plaintiff has submitted a number of other medical records that are dated prior to her alleged onset date of October 15, 2004. (Tr. 106-116, 185-187). The ALJ was not required to review these medical records or any other medical records dated prior to Plaintiff's alleged onset date before making her disability determination. *See Pirtle v. Astrue,* 479 F.3d 931(8th Cir. 2007) (permitting *but not requiring* the ALJ to consider medical records dated prior to the relevant time period).

initially, yet became easily, quickly, and very angry and defensive when asked to provide greater detail for her vague explanations." (Tr. 117). Dr. McCarthy diagnosed Plaintiff with the following general disorders:

| | |
|---|---|
| Axis I: | Somatization Disorder NOS |
| | Mood Disorder NOS |
| Axis II: | Borderline Personality Disorder (Primary) |
| Axis III: | Deferred to a Physician |
| Axis IV: | Unemployment, Health Issues, Social Relationships |
| Axis V: | GAF = 55 |

(Tr. 119-120). Dr.. McCarthy also noted that he felt Plaintiff exhibited "no evidence of exaggeration or malingering." (Tr. 120).

On November 22, 2004, Plaintiff had a follow-up appointment with Dr. McGraw for her fibromylagia, depression, and anxiety. (Tr. 122). Dr. McGraw determined that Plaintiff suffered from fibromyalgia rheumatica, depression/anxiety, and obesity. *See id.* Dr. McGraw prescribed Plaintiff medication to treat her obesity and other impairments and directed Plaintiff to schedule a follow-up appointment in one month. *See id.* In her assessment, Dr. McGraw did not indicate that Plaintiff's depression or fibromyalgia had intensified from her last appointment on October 25, 2004 or was of the same severity. *See id.*

On December 20, 2004, Dr. Van Ore conducted a general physical examination and evaluated Plaintiff's physical limitations. (Tr. 140-146). Dr. Van Ore's examination revealed a normal range of motion in Plaintiff's spine as well as in her extremities. (Tr. 143). Plaintiff was neurologically intact, with no muscle weakness or atrophy, and her gait and coordination were normal. (Tr. 144). Plaintiff was able to use her hands, was able to heal/toe walk, was able to walk without the use of an assistive device, and was able to rise from a squatting position. *See id.* Plaintiff was well oriented, and there was no evidence of a serious mood disorder. (Tr. 145). After completing his

examination of Plaintiff, Dr. Van Ore found that Plaintiff would be able to walk, stand, sit, carry, handle, finger, see, hear, and speak with only mild limitations due to her fibromyalgia. (Tr. 146).

On December 20, 2004, Plaintiff was also examined by Dr. McGraw during a follow-up appointment. (Tr. 180). Dr. McGraw assessed that Plaintiff suffered from a B12 deficiency, fibromyalgia rheumatica, depression, and irritable bowel syndrome with diarrhea predominant. *See id.* Dr. McGraw did not note any limitations in Plaintiff's ability to perform SGA and did not find that Plaintiff suffered from a disability due to these impairments. *See id.* Dr. McGraw only found that Plaintiff may need to see a rheumatologist fo her fibromyalgia "at some point" and should follow-up for a reassessment in four weeks. *See id.*

On January 21, 2005, Dr. McGraw examined Plaintiff during a follow-up appointment. (Tr. 179). During this appointment, Plaintiff again expressed an interest in being referred to a rheumatologist. *See id.* There is no indication in the record, however, that Plaintiff ever sought additional treatment from a rheumatologist. *See O'Donnell v. Barnhart,* 318 F.3d 811, 819 (8th Cir. 2003) (finding that, in general, a claimant's failure to follow a prescribed course of treatment may undermine his or her credibility). During this appointment, Dr. McGraw prescribed Plaintiff medication to treat her fibromyalgia, depression, and anxiety. *See id.* Dr. McGraw directed Plaintiff to seek a follow-up appointment in one month to discuss possibly changing her antidepressant medication. *See id.* There are no additional medical records from Dr. McGraw dated after January 21, 2005 that are included in the record.

On April 22, 2005, Plaintiff was examined by Dr. Michael R. Saitta, an orthopedist at the Arthritis Center of the Ozarks. (Tr. 191-198). Dr. Saitta found clinical evidence of fibromyalgia, osteoarthritis, and joint laxity without suggestion of inflammatory disease. *See id.* Dr. Saitta

13

recommended that Plaintiff undergo a trial of physical therapy, but he did not change her medications. *See id.* Dr. Saitta also discussed with Plaintiff a possible referral to a dedicated pain center. *See id.* Dr. Saitta found that Plaintiff's lumbar spine radiographs revealed "mild degenerative changes only." *See id.* Dr. Saitta did not state in his report, however, that any of these problems in any way limited Plaintiff in her ability to perform SGA. *See id.* Dr. Saitta also did not indicate that Plaintiff was disabled due to these impairments. *See id.*

On April 22, 2005, Dr. Glen Chitwood, M.D., a radiologist at Mercy Health System of Northwest Arkansas, took X-Rays of Plaintiff's left and right hands and Plaintiff's lumbar spine. (Tr. 199-201). Dr. Chitwood took these views at the direction of Dr. Michael Saitta because Plaintiff was complaining of back pain and hand pain. *See id.* Upon reviewing the X-Rays of Plaintiff's hands, Dr. Chitwood found no acute fracture or dislocation in either of her hands. *See id.* Dr. Chitwood also noted the following with regard to Plaintiff's left and right hands: "No radiopaque soft tissue foreign body is seen, and there are no abnormal soft tissue calcifications identified. There is no osteolytic bone destruction or abnormal periosteal reaction. There is no significant joint space narrowing." (Tr. 200-201). With regard to Plaintiff's back pain and lumbar spine view, Dr. Chitwood found Plaintiff suffered from fairly mild problems:

> Impression
> 1. Arthritic changes involving the right facet joint at L5-S1.
> 2. Mild narrowing of the L4-L5 intervertebral disc space.

(Tr. 199). Like Dr. Saitta, Dr. Chitwood did not note any limitations on Plaintiff's ability to perform SGA, and he did not find that Plaintiff's impairments restricted her in her ability to work.

On May 27, 2005, Dr. Jerry L. Thomas, M.D., evaluated Plaintiff's Physical RFC for the SSA. (Tr. 147-157). Dr. Thomas found that Plaintiff retained the RFC for medium work. *See id.*

14

On June 1, 2005, Dr. Brad Williams evaluated Plaintiff's Mental RFC for the SSA. (Tr. 158-161). After reviewing Plaintiff's records, Dr. Williams found the following

> The claimant is able to perform work where interpersonal contact is routine but superficial, e.g., grocery checker; complexity of tasks is learned by experience, several variable [sic], uses judgement within limits; supervision required is little for routine but detailed for non-routine.

(Tr. 160). Based upon all of these medical records, the ALJ determined that Plaintiff retained the RFC to perform the wide range of light work. (Tr. 16-18, Finding 5). *See* 20 C.F.R. § 416.967(b).

In her appeal brief, Plaintiff claims that the ALJ's RFC determination is not supported by substantial evidence in the record. (Doc. No. 9, Pages 18-20). Specifically, Plaintiff claims that the opinion of her treating physician, Dr. McGraw, was improperly disregarded and that other substantial evidence in the record–including the findings of Dr. McCarty and Dr. Van Ore–are inconsistent with the ALJ's RFC determination. *See id.*

This Court finds Plaintiff's arguments unpersuasive. First, Dr. McGraw, Plaintiff's treating physician, *did not find* that Plaintiff was disabled. Instead, the record indicates that Dr. McGraw reported on June 4, 2004–*which is dated prior to Plaintiff's alleged onset date*–that Plaintiff *claimed* her fibromyalgia rheumatic was "very debilitating for her." (Tr. 133). Furthermore, even if this was Dr. McGraw's finding, one notation from one of Plaintiff's medical records is not sufficient evidence to establish that Plaintiff's impairments or combination of impairments cause her to be disabled. Plaintiff has the burden of establishing that her impairments limit her RFC. *See Cox,* 160 F.3d at 1206. Plaintiff has not established any such limitations. Second, as outlined above, in addition to other medical records included in the transcript, the ALJ's findings are consistent with the findings of Dr. Van Ore (physical limitations) and Dr. McCarty (mental limitations) and establish that Plaintiff has only mild to moderate limitations due to her impairments. These records provide

substantial evidence supporting the ALJ's disability determination.

### D. Plaintiff's Treating Physician

Under the Social Security Regulations ("Regulations"), the opinion or findings of a claimant's treating physician may be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). The SSA will assign controlling weight to the opinion of a claimant's treating physician if the nature and severity of the claimant's impairment or impairments is well-supported by "medically acceptable clinical and laboratory diagnostic techniques" and the treating physician's opinion is not inconsistent with other substantial evidence in the record. *See id.*

When evaluating whether to give controlling weight to a treating physician's opinion, the SSA considers the following six factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the treating physician's opinion; (4) the consistency of the treating physician's opinion with the record as a whole; (5) the specialization of the treating physician; and (6) any other factors brought to the SSA's attention. *See id.* After properly considering these six factors, the SSA may or may not give controlling weight to the opinion of a claimant's treating physician. 20 C.F.R. § 404.1527(d)(2). Regardless of the SSA determination, however, the SSA is required to give "good reasons" in its notice of determination or decision for the weight given to the claimant's treating physician's opinion. *See id.*

In the present action, the findings of Plaintiff's treating physician, Dr. McGraw, do not establish that Plaintiff was disabled. Instead, Dr. McGraw's findings indicate that Plaintiff suffers from several severe impairments such as fibromyalgia, depression, and anxiety. (Tr. 122, 126, 179-180). There is no indication from Dr. McGraw records, however, that Plaintiff cannot perform SGA

or was under a disability due to these impairments. These records merely catalog Plaintiff's impairments and Dr. McGraw's treatment for those impairments. The ALJ did not disregard any finding by Dr. McGraw that Plaintiff was disabled because Dr. McGraw made no such finding. Accordingly, Plaintiff's final claim is also without merit.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of July, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE